UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------- x
PRISCILLA LAZRI, on behalf of herself and others  :
similarly situated,
                                                  :
            Plaintiff,                               CASE NO. 22-CV-1158 (AT) (JLC)
                                                  :
      - against -                                    DEFENDANTS RESPONSE TO
                                                  :  PLAINTIFF'S MOTION FOR
STUDIO CAHS, LTD., CAHS CONSTRUCTION                 DISCLOSURE OF FLSA ACTION
LTD., CATERINA HEIL, and CHARLES                  :
STEWART,
                                                  :
            Defendant.
                                                  :
------------------------------------- x
```

Defendants Studio CAHS, Ltd., CAHS Construction Ltd., Caterina Heil, and Charles Stewart ("Defendants") do not oppose Plaintiff Priscilla Lazri's ("Plaintiff") petition for conditional certification of a FLSA collective action.[1] Notwithstanding Defendants' non-opposition to conditional certification, Defendants reserve all rights to petition this Court to decertify any certified collective action.

Additionally, Defendants do object to a few aspects of Plaintiff's Motion.

*First*, this Court should reject Plaintiff's request for equitable tolling. Tolling is "appropriate in rare and exceptional cases in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli v. Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations omitted). The Second Circuit has not considered equitable tolling for those who have not yet joined a lawsuit, such as opt-ins in a collective action. It has only considered whether the individual plaintiff asking for tolling "has

---

[1] Defendants note, however, that while courts in this District employ the two-step procedure Plaintiff's request, the only circuit court to consider the appropriate procedure has rejected the approach as without any statutory basis. *See Swales v. KLLM Transp. Servs., Inc.*, 985 F.3d 430 (5th Cir. 2021).

proved that circumstances are so extraordinary that the doctrine should apply" and that the individual plaintiff "has acted with reasonable diligence during the time period she seeks to have tolled." *Id*. at 80-81; *see also Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (explaining that individuals who wish to join this litigation but are time barred may ask the Court to equitably toll their claims and the Court may exercise its powers to do so if the individuals themselves can illustrate they pursued their rights diligently, and extraordinary circumstances prevented their timely filing). Here, any individuals who receive notice and opt-in can ask for tolling if they are able to demonstrate they acted with reasonable diligence in pursuing their rights and they were not otherwise prevented in some extraordinary way from exercising those rights. *See, e.g.*, *Contrera v. Langer,* 278 F. Supp. 3d 702, 725-26 (S.D.N.Y. 2017); *Knox v. John Varvatos Enterp. Inc.*, 282 F. Supp. 3d 644, 661 (S.D.N.Y. 2017); *Whitehorn v. Wolfgang's Steakhouse, Inc*., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011). Blindly tolling the claims now for individuals who have not yet opted-in and made the requisite showing themselves is inappropriate.

What is more, this case is not like those Plaintiff relies on. There are no "extraordinary" circumstance to warrant tolling here. Plaintiff made this request for disclosure of this FLSA action on June 15, 2022. [Dkt. No. 19]. Defendants have not substantively opposed Plaintiff's Motion for Disclosure of FLSA Action, so there is no "delay caused by the time required for a court to rule on a motion." *Compare Yahraes v. Restaurant Assoc. Events Corp*., No. 10-CV-935 (SLT), 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (finding tolling appropriate where defendants re-briefed certification and otherwise sought to delay certification for months) *with Guzman v. Three Amigos SJL Inc*., 117 F. Supp. 3d 516, 528 (S.D.N.Y. 2015) (determining that delay of less than three and half months between filing and ruling did not warrant tolling).

***Second***, while Plaintiff does not explicitly define the putative collective beyond "all other current and former non-exempt employees," notice should be limited to those that are just like Plaintiff—household employees and Studio CAHS employees that were allegedly paid straight time. Plaintiff only avers that she worked in the Individual Defendants' household and additionally on projects related to Studio CAHS. (*See* Dkt. 22.)

***Third***, this Court should order that notice be facilitated by a third-party administrator. While courts in this District have rejected such requests in other instances, here a third-party administrator is appropriate. In *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 174 (1989), the Supreme Court allowed district courts to facilitate notice of a collective action to permit similarly situated individuals to file the statutorily required consents and join a pending lawsuit:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time . . . . A trial court can better manage a major [collective] action if it ascertains the contours of the action at the outset.

*Id*. at 171. Doing so would allow "efficient resolution in one proceeding of common issues" and ensure that "employees receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id.* at 170.

But, this case management tool was explicitly limited. The Supreme Court in *Hoffman-La Roche* cautioned that any court-authorized notice cannot devolve into solicitation of claims or endorsement of the merits of the action:

> **Court intervention in the notice process for case management process is distinguishable in form and in function from the solicitation of claims**. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

DM_US 190083065-1.T16209.0010

*Id*. at 174. (emphasis added).  Here, ordering Defendants to provide Plaintiff's counsel with contact information for its employees rather than a third-party administrator crosses the line into impermissible solicitation.  That is so because the universe of allegedly "similarly situated" individuals who will receive notice is limited to a small group of people. (*See* Dkt. 24 at 9.)  In short, Plaintiff's counsel is being provided with a short class list that Plaintiff's counsel can call to cajole to join this lawsuit outside of the Court-supervised process with impunity and without much effort because the number of individuals are so few.

**Finally**, even if a third party administrator is not ordered, Plaintiff's proposed notice should be adjusted to make clear that (1) recipients are entitled to choose their own counsel or proceed *pro se* in joining this lawsuit and (2) notices may be sent directly to the Court rather than through Plaintiff's counsel or a third-party administrator.  *See, e.g. Hernandez v. Fresh Diet, Inc*., No. 12 Civ. 4399(ALJ)(JLC), 2012 WL 5936292, at * 2 (S.D.N.Y. Nov. 21, 2012) (explaining that "[i]t is essential that the Notice state that participating plaintiffs may retain their own counsel" and ordering that consent forms "should be returned to the Clerk of the Court in order to ensure that opt-in Plaintiffs understand that they may choose their own counsel without being influenced to return the form to Plaintiff's counsel") (internal quotation marks and citations omitted).  Attached to the Declaration of Evan Belosa, as Exhibit 1 in redline and Exhibit 2 in clean form is a revised notice form that takes a middle course by offering recipients both return options.

| | |
|---|---|
| Dated: New York, New York.<br>August 11, 2022 | Respectfully Submitted,<br><br>McDermott Will & Emery LLP<br>One Vanderbilt Avenue<br>New York, New York  10017-3852<br>+1 212 547 5400<br><br><br>By:  /s/ Evan Belosa<br>        Evan Belosa<br>        Attorney for Defendants |